UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VIRGILLO VIRGO,

                              Plaintiff,

        -against-

JOSE IRIZARRY DEA; JOHN WRIGHT PER
SE; SGT. HECTOR LOPEZ N.Y.P.D.,

                              Defendants.

---

23-CV-8242 (JGK)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

JOHN G. KOELTL, United States District Judge:

Plaintiff Virgillio Virgo paid the filing fees to bring this *pro se* action.[1] For the reasons set

forth below, the Court dismisses the complaint, but grants Plaintiff leave to file an amended

complaint within 30 days of the date of this order.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants*

*Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon*

*Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the Court "has the power to dismiss a complaint

sua sponte for failure to state a claim," *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d

Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard," *Thomas v.*

---

[1] By order dated September 21, 2018, Plaintiff was barred in this court, under 28 U.S.C.
§ 1651, from filing any civil action *in forma pauperis* ("IFP") without first seeking permission of
the court. *See Virgo v. Wright*, ECF 1:17-CV-10006, 6 (LLS) (S.D.N.Y. Sept. 21, 2018). Because
Plaintiff paid the fees to bring this action, the bar order does not apply.

*Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam); *see also Perez v. Ortiz,* 849 F.2d 793, 797

(2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n.3. The

Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills,* 572 F.3d 66, 72

(2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest,*" *Triestman v.*

*Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations

omitted) (emphasis in original).

## BACKGROUND

Plaintiff Virgillo Virgo, who resides in Allentown, Pennsylvania, filed a handwritten

complaint containing the following factual allegations:[2]

> Order in the court. And to the front lien of questions. Sorry for the lost of Mr.
> Wright, John for the deepist regrept. I told porper to stop drinking, and druging
> makes 90 meetings in 90 days and the obsession will be relieved. Please he called
> me a fool. God, and now for his last calls, rest in peace. God be my witness.
> Please be mine for my soul to be my soul to rest upon's your busum. God . . . layd
> to rest as my soul in heaven God. Vista Detention's Centers Sandiago CA Calapes
> an taking to heaven rest in peace.

(ECF 1 at 1-2.)

Plaintiff names as Defendants: (1) Jose Irizarry, "DEA"; (2) John Wright "Per Se"; and

New York Police Sergeant Hector Lopez.[3] Wright appears to have passed away. The complaint

contains no factual allegations against the named Defendants, and it is unclear what relief

Plaintiff seeks.

---

[2] The Court quotes the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

[3] Plaintiff has previously sued Wright and Lopez in this court. *See Virgo v. Wright & Lopez,* ECF 1:17-CV-5019, 6 (CM) (S.D.N.Y. Aug. 21, 2017) (dismissing action, after granting Plaintiff leave to replead, for failure to state a claim); *Virgo v. Wright,* ECF 1:17-CV-10006, 5 (LLS) (S.D.N.Y. Aug. 14, 2018) (dismissing action for failure to state a claim, and directing Plaintiff to show cause why the court should not issue a filing injunction).

## DISCUSSION

### A.    Federal pleading rules

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's submission does not comply with federal pleading rules because it lacks the facts necessary for the Court to determine whether Plaintiff is entitled to any relief. It is not clear what these Defendants allegedly did or failed to do that harmed Plaintiff. Moreover, Plaintiff's previous complaints against the same Defendants were dismissed for failure to state a claim on which relief may be granted.

Accordingly, the Court dismisses the complaint, but grants Plaintiff leave to replead his claims in an amended complaint, should he wish to do so.

**B.      Subject matter jurisdiction**

If Plaintiff files an amended complaint, he must allege facts demonstrating that the Court has subject matter jurisdiction of his claims. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

1.      Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of

federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal

subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182,

1188-89 (2d Cir. 1996). There are no facts in the complaint suggesting a claim arising under

federal law.

      2.     Diversity jurisdiction

      Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction

over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that

the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524

U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the

claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28

U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)

(citation and internal quotation marks omitted). Plaintiff does not allege either that there is

complete diversity of citizenship among the parties, or that his claim satisfies the jurisdictional

amount in controversy. He therefore has not established that the Court has diversity jurisdiction

of his claims.

## CONCLUSION

      The Court dismisses the complaint for failure to state a claim on which relief may be

granted, and for lack of subject matter jurisdiction.

      Should he wish to do so, Plaintiff is granted leave to replead his claims in an amended

complaint that complies with the standards set forth above. Plaintiff must submit the amended

complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the

document as an "Amended Complaint," and label the document with docket number 23-CV-8242

(JGK). An Amended Complaint form is attached to this order. No summons will issue at this

time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment in this case.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:
      New York, New York
      9/22/23

                                JOHN G. KOELTL
                           United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)


or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                Zip Code

_____

Telephone Number                     Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                               Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 2:

First Name                               Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 3:

First Name                               Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                   Zip Code

Defendant 4:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.